IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
NEWNAN DIVISION

|  |  |  |
|---|---|---|
| HERITAGE PROPERTY & CASUALTY INSURANCE COMPANY, | : : : : : | |
| Plaintiff, | : : | |
| v. | : : | CIVIL ACTION NO. 3:25-cv-00174-LMM |
| ISAAC WELCH, et al., | : : | |
| Defendants. | : : : | |

## **ORDER**

This case comes before the Court on Defendant's Motion to Dismiss [17]. After due consideration, and with benefit of oral argument, the Court enters the following Order:

### I.    BACKGROUND

This declaratory judgment action concerns whether an insurance policy requires coverage of a dog-bite lawsuit. Dkt. No. [1]. On March 31, 2023, a dog owned by Defendant Welch bit A.L., a minor, who suffered bodily injuries. Id. ¶¶ 12–14. Prior to the attack, Heritage Property and Casualty Insurance Company ("Heritage") sold Welch a Homeowners Liability Policy ("the Policy"). Id. ¶ 18. Welch notified Heritage of the attack, but Heritage denied coverage, citing a "Canine Liability Exclusion Endorsement." Id. ¶ 22; Dkt. No. [1-5]. On September 15, 2023, Defendant Alisha Lirani, the natural parent and guardian of A.L., sent

Heritage a demand to settle all claims for the Policy limits, arguing that the canine exclusion schedule was blank. Dkt. No. [1-6] ¶¶ 17, 24, 28. Heritage responded, denying coverage and citing the canine exclusion. Id. ¶ 22. Defendant Lirani then filed suit against Defendant Welch in the State Court of Fayette County, Georgia, on November 14, 2023. Id. ¶ 30. On March 18, 2025, the Fayette County court entered a final judgment against Welch and in favor of Lirani, awarding both compensatory and punitive damages. Dkt. No. [1-2].

On April 22, 2025, Ms. Lirani filed a direct action against Heritage in the State Court of Fayette County, alleging breach of the duty to defend, breach of duty to pay, negligent or bad-faith failure to settle, and claims for judgment creditors' direct action and attorneys' fees. Dkt. No. [1-6]. And on August 12, 2025, Heritage brought the instant action, seeking a declaration that the Policy does not provide coverage to Defendant Welch. Dkt. No. [1]. Defendant Lirani now seeks to dismiss Heritage's Complaint. Dkt. No. [17].

## II.    LEGAL STANDARD

Federal Rule of Civil Procedure 8(a)(2) requires that a pleading contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). While this pleading standard does not require "detailed factual allegations," the Supreme Court has held that "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)).

2

To withstand a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 570). A complaint is plausible on its face when the plaintiff pleads factual content necessary for the court to draw the reasonable inference that the defendant is liable for the conduct alleged. Id. (citing Twombly, 550 U.S. at 556).

At the motion to dismiss stage, "all well-pleaded facts are accepted as true, and the reasonable inferences therefrom are construed in the light most favorable to the plaintiff." FindWhat Inv'r Grp. v. FindWhat.com, 658 F.3d 1282, 1296 (11th Cir. 2011) (quoting Garfield v. NDC Health Corp., 466 F.3d 1255, 1261 (11th Cir. 2006)). However, this principle does not apply to legal conclusions set forth in the complaint. Iqbal, 556 U.S. at 678.

## III. DISCUSSION

Defendant Lirani asks the Court to exercise its discretion to dismiss this case under the abstention doctrine set forth in Brillhart v. Excess Insurance Co. of America, 316 U.S. 491 (1942). Dkt. No. [17]. Heritage opposes the Motion, contending that the Brillhart factors, and the Eleventh Circuit's guidance in Ameritas Variable Life Ins. Co. v. Roach, 411 F.3d 1328 (11th Cir. 2005), cut against abstention, and thus dismissal, in this case. Dkt. No. [19].

The Declaratory Judgment Act gives federal courts "competence to make a declaration of rights," but "it does not impose a duty to do so." Ameritas Variable Life Ins. Co., 411 F.3d at 1330 (11th Cir. 2005) (citing Brillhart, 316 U.S. at 494).

3

Indeed, the Supreme Court has cautioned federal courts to avoid "[g]ratuitous interference with the orderly and comprehensive disposition of a state court litigation." Brillhart, 316 U.S. at 495. Guided by these principles, the Eleventh Circuit has developed a non-exhaustive list of factors for district courts to consider in determining whether to abstain from a declaratory judgment action where related state-court litigation exists. Ameritas Variable Life Ins. Co., 411 F.3d at 1330–31. Specifically, the Eleventh Circuit has advised district courts to consider:

(1)   the strength of the state's interest in having the issues raised in the federal declaratory action decided in the state courts;

(2)   whether the judgment in the federal declaratory action would settle the controversy;

(3)   whether the federal declaratory action would serve a useful purpose in clarifying the legal relations at issue;

(4)   whether the declaratory remedy is being used merely for the purpose of "procedural fencing"—that is, to provide an arena for a race for res judicata or to achieve a federal hearing in a case otherwise not removable;

(5)   whether the use of a declaratory action would increase the friction between our federal and state courts and improperly encroach on state jurisdiction;

(6)   whether there is an alternative remedy that is better or more effective;

(7)   whether the underlying factual issues are important to an informed resolution of the case;

(8)   whether the state trial court is in a better position to evaluate those factual issues than is the federal court; and

(9)     whether there is a close nexus between the underlying factual and legal issues and state law and/or public policy, or whether federal common or statutory law dictates a resolution of the declaratory judgment action.

Id. at 1331. As a whole, these factors "account for the federalism and comity concerns generated by competing cases, as well as the comparative utility of the declaratory judgment action." James River Ins. Co. v. Rich Bon Corp., 34 F.4th 1054, 1060 (11th Cir. 2022). "In assessing the Ameritas factors, it is important to bear in mind that Ameritas 'essentially employ[s] a totality-of-the-circumstances standard,' in which its guideposts 'are not exhaustive; not all are required; and no one is controlling.'" Am. Mod. Prop. & Cas. Ins. Co. v. Pickett, 676 F. Supp. 3d 1175, 1183 (S.D. Ala. 2023) (quoting Nat'l Tr. Ins. Co. v. S. Heating & Cooling Inc., 12 F.4th 1278, 1286 (11th Cir. 2021)).

The Court agrees with Defendant Lirani that abstention is warranted here. With respect to the relevant Ameritas factors, the Court finds that the second, third, seventh, and eighth factors—which relate to the comparative practical advantages of a federal or state resolution to this matter—favor abstention. A judgment from this Court would not settle the entire controversy, but the state court proceeding can resolve all the issues regarding Defendant Lirani's underlying claims and Heritage's defenses regarding coverage. Additionally, this action is both duplicative and narrower than the state court proceedings because Heritage's affirmative defense in the state court proceedings relies on its position

that there is no coverage.[1] See Dkt. No. [17-3] at 2; Dkt. No. [1] ¶¶ 31–33, 51. All factual issues relevant in this action are already being developed and litigated in the state court proceeding, and the State Court of Fayette County is in a better position to evaluate those facts given that it presided over the underlying lawsuit. Finally, regarding the posture of the state court proceedings, counsel informed the Court at Oral Argument that: (a) the state court denied a motion to stay the case pending the outcome of the instant action; (b) discovery has closed; (c) expert witnesses have been disclosed; and (d) the case is ready for trial. Thus, after considering the totality of the circumstances, the Court determines in its discretion that abstention is appropriate here.

However, at Oral Argument, Heritage raised concerns that Defendant Welch is not a party to the state court proceeding and that a declaratory judgment here would resolve what duties Heritage owes for *any* claims regarding Defendant Welch under the Policy.[2] Instead, Heritage asserts that the state court proceeding only decides the coverage issue as it relates to the dog-bite claim. However, because any future claims remain hypothetical, the Court finds that the

---

[1] The Court may consider the state court documents attached to Defendant Lirani's Motion because they are (1) central to Heritage's claims and (2) Heritage has not challenged their authenticity. See Johnson v. City of Atlanta, 107 F.4th 1292, 1300 (11th Cir. 2024).

[2] Additionally, Heritage argues in its Response Brief that the Court should honor its choice of forum. Dkt. No. [19] at 5–7. As Defendant Lirani notes, the doctrine of *forum non conveniens* is not relevant to deciding her Motion. Dkt. No. [29] at 3. And the Court has considered the totality of the circumstances and the Ameritas factors in determining that abstention is appropriate here.

6

appropriate remedy is to dismiss Heritage's Complaint without prejudice so that, if future claims do arise, Heritage may refile.

## IV.   CONCLUSION

In accordance with the foregoing, Defendant Lirani's Motion to Dismiss [17] is **GRANTED**. Plaintiff's Complaint [1] is **DISSMISSED WITHOUT PREJUDICE**. The Clerk is **DIRECTED** to **CLOSE** this case.


**IT IS SO ORDERED** this 30th day of April, 2026.

**Leigh Martin May**
**Chief United States District Judge**